IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 131 M Street, NE Washington, DC 20507<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY 1385 Canal St., SE Washington, DC 20003<br><br>Defendant. | CIVIL ACTION NO. 25-3189<br><br>COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Courtney Titus ("Titus"). As alleged with greater particularity below, the District of Columbia Water and Sewer Authority terminated Titus because of his age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c), 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. The District of Columbia Water and Sewer Authority ("Defendant" or "DC Water") is an authority created by the District of Columbia government to provide water and wastewater services to District residents and surrounding areas.

5. At all relevant times, Defendant DC Water has continuously been an Agency or Instrumentality of the District of Columbia.

6. At all relevant times, Defendant DC Water has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONDITIONS PRECEDENT

7. All conditions precedent to the initiation of this lawsuit have been fulfilled.

8. More than thirty days prior to the institution of this lawsuit, Titus filed a Charge of Discrimination with the Commission alleging violations of the ADEA by Defendant.

9. On July 9, 2025, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADEA.

10. With its Letter of Determination, the Commission invited Defendant to join with the Commission in informal methods of conciliation, conference, and persuasion to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission provided Defendant with proposed terms for conciliation to resolve the unlawful employment practices described in the Letter of Determination and engaged in communications with Defendant concerning conciliation.

12. The Commission was unable to secure from Defendant a conciliation agreement on terms acceptable to the Commission.

13. On August 7, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation.

## STATEMENT OF CLAIMS

14. On or about September 6, 2023, DC Water engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a) when it terminated Titus.

   a. At the time of his termination, Titus worked as a Senior Human Resources Business Partner ("HR Business Partner") in DC Water's People and Talent Department.

   b. DC Water's People & Talent Department performs central administration, labor relations, and human resources functions.

   c. DC Water hired Titus as a Recruiter II and he began work on or about March 20, 2017.

   d. Titus was selected to participate in DC Water's "Walk in My Shoes" shadowing program, which led to his selection for transfer to the role of HR Business Partner on or about January 5, 2020.

   e. On or about July 31, 2022, DC Water issued Titus a grade increase.

   f. Titus received positive performance reviews as a HR Business Partner.

g. In his last performance review prior to termination, Titus' supervisor rated him as "successful" or "exceptional" in all review categories.

h. As a HR Business Partner, Titus was a non-union employee.

i. DC Water's policy for non-union employees states that any employee whose "job performance and/or conduct is unsatisfactory" is subject to a progressive process that requires, among other things, that his/her manager provide the employee with "written notice identifying the performance problem, infraction or misconduct and the proposed disciplinary action."

j. Under DC Water's policy, a non-union employee receiving a written notice of poor performance and proposed disciplinary action can appeal the matter through DC Water's non-union grievance procedure.

k. DC Water never issued Titus any written notice of poor performance or proposed disciplinary action pursuant to its established policy for non-union employees.

l. DC Water never issued Titus any performance counseling, warning, or proposed performance improvement plan.

m. In or about March 2023, Keith Lindsey ("Lindsey") became the Interim Executive Vice President of DC Water's People & Talent Department.

n. On or about September 6, 2023, Lindsey notified Titus that DC Water was terminating Titus' employment, and this was Titus' last day of work for Defendant.

o. At the time of his termination, Titus was fifty-four (54) years old.

p. At the time of Titus' termination, DC Water had two HR Business Partners – Titus and Joshua Tatel, then age thirty-eight (38).

q. At the time of Titus' termination, DC Water had a vacancy for a third HR Business Partner.

r. At the time of Titus' termination, DC Water had vacancies in the Recruiter position.

s. Shortly after Titus' termination, Joshua Tatel was promoted to Manager HR Business Partners.

t. Titus' replacement, Marguerite Higby, was thirty-one (31) years old.

u. Lindsey was involved in the terminations of numerous additional employees in DC Water's People and Talent Department who were aged forty or older.

v. For example, during the same week when Lindsey notified Titus of his termination, he also notified at least three other employees of their terminations: Nicole Sprague, Ron Lewis and John Driver.

w. At the time of their respective terminations:

   i. Sprague was fifty-three (53) years old;

   ii. Lewis was fifty-four (54) years old; and

   iii. Driver was fifty-eight (58) years old.

x. Sprague was replaced by Giselle Richardson, then age thirty-four (34).

y. Lewis was replaced by Ikenya Zeigler, then age forty-five (45).

z. Driver was replaced by Joshua Tatel, then age thirty-eight (38).

aa. Sprague, Lewis and Driver each received positive ratings in their last performance review prior to termination.

  bb. At the time of their respective terminations, Sprague, Lewis and Driver each were non-union employees.

  cc. DC Water never issued Sprague, Lewis or Driver a written notice of poor performance or proposed disciplinary action pursuant to DC Water's policy for performance issues for non-union employees.

15. The effect of the practices complained of in paragraph fourteen above has been to deprive Titus of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

16. The unlawful employment practices complained of in paragraph fourteen above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant DC Water, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination by terminating employees who are forty years of age or older because of their age.

B. Order Defendant DC Water to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals forty years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant DC Water to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Titus, whose wages are being unlawfully withheld as a result of the acts complained of above.

D.  Order Defendant DC Water to make whole Titus, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement with crediting for raises, seniority, and any other lost or accrued benefits, or front pay in lieu thereof.

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 12, 2025

> For Plaintiff U.S. Equal Employment Opportunity Commission
>
> Andrew Rogers
> Acting General Counsel
>
> Christopher Lage
> Deputy General Counsel
>
> Debra M. Lawrence
> Regional Attorney
>
> Maria L. Morocco
> Assistant Regional Attorney
>
> /s/ Thomas Rethage
> Thomas Rethage
> Senior Trial Attorney
> PA Bar 203524
> U.S. EEOC
> Philadelphia District Office
> 801 Market St., Ste 1000
> Philadelphia, PA 19107
> 267-589-9756
> thomas.rethage@eeoc.gov