**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | : | |
| COMMISSION | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:25-cv-03189-CJN |
| v. | : | |
| | : | |
| DISTRICT OF COLUMBIA WATER | : | |
| AND SEWER AUTHORITY | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant District of Columbia Water and Sewer Authority ("DC Water") hereby files its

Answer and Defenses to Plaintiff the Equal Employment Opportunity Commission's Complaint

and responds to the corresponding numbers to each of the numbered paragraphs in the Complaint

as follows:

NATURE OF THE ACTION

In response to the allegations set forth in the "Nature of the Action" paragraph,

Defendant admits Plaintiff filed a lawsuit against Defendant. Defendant denies Plaintiff states a

claim against Defendant and denies it is liable to Plaintiff or to Courtney Titus. Defendant denies

any remaining allegations set forth in the "Nature of the Action" paragraph of Plaintiff's

Complaint.

JURISDICTION AND VENUE

1.    The allegations set forth in Paragraph 1 of Plaintiff's Complaint state legal

conclusions for which no response is required. To the extent a response is required, Defendant

1

denies that this Court's jurisdiction is properly invoked pursuant to 28 U.S.C. § 451, as that section does not confer jurisdiction. Defendant admits this Court has jurisdiction over matters invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345, but denies it engaged in the conduct alleged in Plaintiff's Complaint, and therefore denies that any alleged actions provide a basis for jurisdiction.  Defendant denies the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.      The allegations set forth in paragraph 2 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant admits Plaintiff alleges unlawful employment practices within the jurisdiction of this United States District Court of Columbia. Defendant denies the remaining allegations set forth in paragraph 2 of Plaintiff's Complaint.

PARTIES

3.      Defendant admits the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the allegations set forth in paragraph 6 of Plaintiff's Complaint.

CONDITIONS PRECEDENT

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of Plaintiff's Complaint and, on that basis, denies those allegations.

8.      Defendant admits the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits the allegations set forth in paragraph 9 of Plaintiff's Complaint.

2

10.    Defendant admits the Commission requested that Defendant participate in informal conciliation of Mr. Titus' Charge. Defendant denies the remaining allegations set forth in paragraph 10 of Plaintiff's Complaint.

11.    Defendant admits the Commission proposed terms for conciliation. Defendant denies both that the conduct described in the referenced Letter of Determination was discriminatory and that Defendant engaged in discriminatory conduct.

12.    Defendant admits the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13.    Defendant admits the allegations set forth in paragraph 13 of Plaintiff's Complaint.

<u>STATEMENT OF CLAIMS</u>

14.    Defendant admits it terminated Mr. Titus on September 6, 2023, but denies it engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a) in so doing.

   a.    Defendant admits the allegations set forth in paragraph 14(a) of Plaintiff's Complaint.

   b.    Defendant admits the allegations set forth in paragraph 14(b) of Plaintiff's Complaint.

   c.    Defendant admits the allegations set forth in paragraph 14(c) of Plaintiff's Complaint.

d.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14(d) of Plaintiff's Complaint and, on that basis, denies those allegations.

e.  Defendant admits the allegations set forth in paragraph 14(e) of Plaintiff's Complaint.

f.  Defendant denies the allegations set forth in paragraph 14(f) of Plaintiff's Complaint.

g.  Defendant admits the allegations set forth in paragraph 14(g) of Plaintiff's Complaint.

h.  Defendant admits the allegations set forth in paragraph 14(h) of Plaintiff's Complaint.

i.  Defendant denies the allegations set forth in paragraph 14(i) of Plaintiff's Complaint.

j.  Defendant admits the allegations set forth in paragraph 14(j) of Plaintiff's Complaint.

k.  Defendant admits it did not issue Titus written notice of poor performance or proposed disciplinary action. Defendant denies the remaining allegations set forth in paragraph 14(k) of Plaintiff's Complaint.

l.  Defendant admits the allegations set forth in paragraph 14(l) of Plaintiff's Complaint.

m.  Defendant admits the allegations set forth in paragraph 14(m) of Plaintiff's Complaint.

n.   Defendant denies the allegations set forth in paragraph 14(n) of Plaintiff's Complaint.

o.   Upon information and belief, Defendant admits the allegations set forth in paragraph 14(o) of Plaintiff's Complaint.

p.   Defendant denies the allegations set forth in paragraph 14(p) of Plaintiff's Complaint.

q.   Defendant admits the allegations set forth in paragraph 14(q) of Plaintiff's Complaint.

r.   Defendant admits the allegations set forth in paragraph 14(r) of Plaintiff's Complaint.

s.   Defendant admits the allegations set forth in paragraph 14(s) of Plaintiff's Complaint.

t.   Defendant denies the allegations set forth in paragraph 14(t) of Plaintiff's Complaint.

u.   Defendant denies the allegations set forth in paragraph 14(u) of Plaintiff's Complaint.

v.   Defendant admits the allegations set forth in paragraph 14(v) of Plaintiff's Complaint.

w.   Defendant admits the allegations set forth in paragraph 14(w)(i)-(iii) of Plaintiff's Complaint.

x.   Defendant admits the allegations set forth in paragraph 14(x) of Plaintiff's Complaint.

y.  Defendant admits the allegations set forth in paragraph 14(y) of Plaintiff's Complaint.

z.  Defendant admits the allegations set forth in paragraph 14(z) of Plaintiff's Complaint.

aa. Defendant denies the allegations set forth in paragraph 14(aa) of Plaintiff's Complaint.

bb. Defendant admits the allegations set forth in paragraph 14(bb) of Plaintiff's Complaint.

cc. Defendant admits the allegations set forth in paragraph 14(cc) of Plaintiff's Complaint.

15.  The allegations set forth in paragraph 15 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.  The allegations set forth in paragraph 16 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

PRAYER FOR RELIEF

Plaintiff is not entitled to any relief, and Defendant therefore denies that Plaintiff is entitled to the remedies requested in the "Wherefore" paragraphs A through E of Plaintiff's Complaint and that Mr. Titus is entitled to the requested relief in paragraphs C-E.

JURY TRIAL DEMAND

Defendant denies that Plaintiff has a right to a jury trial as it has failed to state claim under the ADEA or any other federal or local law.

6

Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims may be barred by the applicable statutes of limitations.

3.     All actions taken against Mr. Titus were taken for legitimate and non-discriminatory reasons.

4.     Defendant did not engage in any unlawful or wrongful actions towards Plaintiff or Mr. Titus.

5.     Defendant did not act wrongfully, in bad faith, or with improper or evil motive or intent.

6.     Without conceding that Mr. Titus has suffered any damages as a result of any purportedly wrongful act of Defendant, upon information and belief, Mr. Titus has failed to mitigate his damages.

7.     Plaintiff's claims are barred or limited in whole or in part to the extent that the relief sought is not authorized by the applicable statute(s) or laws under which Plaintiff brings this lawsuit.

8.     Plaintiff and/or Mr. Titus are not entitled to some or all of the relief requested in the Complaint because, even if Defendant were found to have considered Mr. Titus' age in any decisions or actions with respect to Mr. Titus, which Defendant denies, Defendant would have taken the same action regardless of his age.

9.     Reinstatement is an equitable and discretionary remedy under the ADEA, and the facts and circumstances of this case do not warrant such relief.

10.     Plaintiff's claims are barred to the extent that discovery reveals that the after-acquired

evidence doctrine is applicable.

11.     Defendant reserves the right to assert further affirmative and other defenses as they

become evident through discovery or investigation.

WHEREFORE, Defendant prays that this Court dismiss Plaintiff's Complaint, in its

entirety, with prejudice, and awards Defendant its costs, attorneys' fees, and any other relief the

Court deems appropriate.

Dated: January 5, 2026

Respectfully submitted,


<u>/s/ *Jacquelyn L. Thompson*</u>

Jacquelyn L. Thompson (DC Bar No. 988663)
jthompson@fordharrison.com
Rachel Saady-Saxe (DC Bar No. 1738392)
rsaady-saxe@fordharrison.com
FordHarrison LLP
2000 M Street, N.W., Suite 505
Washington, DC 20036
202.719.2000
202.719.2077 fax

*Attorneys for District of Columbia Water*
*and Sewer Authority*


8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2026, I caused a true and correct copy of

the foregoing **DEFENDANT DISTRICT OF COLUMBIA WATER AND SEWER**

**AUTHORITY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to be filed

with the Court's electronic filing system which sent notice of the of the filing to the following:

Thomas Rethage
Thomsa.rethage@eeoc.gov


/s/     *Jacquelyn L. Thompson*
                Jacquelyn L. Thompson

9